UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| CURTIS MACK, <br><br> *Plaintiff*, <br><br> vs. <br><br> CAROLYN COLVIN, *as Acting Commissioner of Social Security*, <br><br> *Defendant*. | ) <br> ) <br> ) <br> ) <br> ) <br> ) No. 2:14-cv-00008-JMS-MJD <br> ) <br> ) <br> ) <br> ) |

## **ENTRY REVIEWING THE COMMISSIONER'S DECISION**

Plaintiff Curtis Mack protectively applied for disability insurance benefits from the Social Security Administration ("SSA") on October 28, 2010, alleging a disability onset date of May 20, 2010. [Filing No. 13-5 at 2.] His application was initially denied on February 8, 2011, and denied again upon review on April 29, 2011. A hearing was held on June 20, 2012, in front of Administrative Law Judge Mario G. Silva (the "ALJ"). [Filing No. 13-2 at 30-57.] On July 20, 2012, the ALJ determined that Mr. Mack was not entitled to disability benefits. [Filing No. 13-2 at 17-26.] The Appeals Council denied review on September 26, 2013, making the ALJ's decision the Commissioner's "final decision" subject to judicial review. [Filing No. 13-2 at 6-8.] Mr. Mack has filed this civil action pursuant to 42 U.S.C. § 405(g), asking the Court to review his denial of benefits. [Filing No. 1.]

### **I. BACKGROUND**

Mr. Mack was forty-seven years old when he applied for disability benefits on October 28, 2010, alleging an onset date of May 20, 2010. [Filing No. 13-5 at 2.] He has been unemployed since his onset date. [Filing No. 13-2 at 35.] Previously, Mr. Mack worked as a forklift operator and a truck driver. [Filing No. 13-2 at 48-49.] He claims that he is disabled because of a variety

1

of physical impairments, including back impairments and migraine headaches.[1] [Filing No. 17 at 3.]

Using the five-step sequential evaluation set forth by the SSA in 20 C.F.R. § 404.1520(a)(4), the ALJ issued an opinion on July 20, 2012. [Filing No. 13-2 at 17-26.] The ALJ found as follows:

- At Step One of the analysis, the ALJ found that Mr. Mack had not engaged in substantial gainful activity[2] after the alleged disability onset date. [Filing No. 13-2 at 20.]

- At Step Two of the analysis, the ALJ found that Mr. Mack suffered from the severe impairments of degenerative disc disease of the cervical and lumbar spines, right shoulder degenerative joint disease, and headaches. [Filing No. 13-2 at 20.]

- At Step Three of the analysis, the ALJ found that Mr. Mack did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments. [Filing No. 13-2 at 20.]

- The ALJ concluded that Mr. Mack had the residual functional capacity ("RFC") to perform less than the full range of light work. [Filing No. 13-2 at 20.] Specifically, the ALJ concluded that Mr. Mack can lift/carry and push/pull up to ten pounds frequently and twenty pounds occasionally, sit a total of about six hours in an eight-hour workday, and stand/walk a total of about six hours in an eight-hour workday. Mr. Mack must have the

---

[1] Mr. Mack detailed pertinent facts in his opening brief, and the Commissioner did not dispute those facts. [Filing No. 17 at 2-5; Filing No. 21 at 2-4.] Because those facts implicate sensitive and otherwise confidential medical information concerning Mr. Mack, the Court will simply incorporate those facts by reference herein. Specific facts will be articulated as needed.

[2] Substantial gainful activity is defined as work activity that is both substantial (i.e. involves significant physical or mental activities) and gainful (i.e. work that is usually done for pay or profit, whether or not a profit is realized). 20 C.F.R. § 404.1572(a) and § 416.972(a).

2

ability to alternate between the sitting and standing positions throughout the workday. The ALJ also concluded that Mr. Mack can occasionally climb ramps and stairs, but he can never climb ladders, ropes, or scaffolds. Mr. Mack can occasionally balance and stoop, but he can never kneel, crouch, or crawl. Mr. Mack can occasionally rotate his neck and reach/lift overhead with his bilateral upper extremities. Mr. Mack must avoid moderate exposure to wetness, concentrated exposure to vibrations, and moderate exposure to hazards, such as dangerous moving machinery or unprotected heights. Finally, the ALJ concluded that Mr. Mack can understand, remember, and carryout simple instructions; he can make judgments on simple work related decisions; he can interact appropriately with supervisors and coworkers in a routine work setting; and he can respond to usual situations in a routine work setting. [Filing No. 13-2 at 20.]

- At Step Four of the analysis, the ALJ found that Mr. Mack was unable to perform any of his past relevant work. [Filing No. 13-2 at 25.]
- At Step Five of the analysis, the ALJ found that, considering Mr. Mack's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that he can perform. For example, the ALJ found that Mr. Mack would be capable of working as a routing clerk, marker, or mail clerk. [Filing No. 13-2 at 25-26.]
- Based on these findings, the ALJ concluded that Mr. Mack was not disabled. [Filing No. 13-2 at 26.]

Mr. Mack requested that the Appeals Council review the ALJ's decision, but the Council denied the request on September 26, 2013. [Filing No. 13-2 at 6-8.] That decision is the final decision of the Commissioner for purposes of judicial review, and Mr. Mack subsequently sought relief from this Court. [Filing No. 1.]

## II. STANDARD OF REVIEW

The Court's role in this action is limited to ensuring that the ALJ applied the correct legal standards and that substantial evidence exists for the ALJ's decision. *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004) (citation omitted). For the purpose of judicial review, "[s]ubstantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation omitted). Because the ALJ "is in the best position to determine the credibility of witnesses," *Craft v. Astrue*, 539 F.3d 668, 678 (7th Cir. 2008), this Court must afford the ALJ's credibility determination "considerable deference," overturning it only if it is "patently wrong," *Prochaska v. Barnhart*, 454 F.3d 731, 738 (7th Cir. 2006) (quotations omitted).

The ALJ must apply the five-step inquiry set forth in 20 C.F.R. § 404.1520(a)(4)(i)-(v), evaluating the following, in sequence:

> (1) whether the claimant is currently [un]employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals one of the impairments listed by the [Commissioner]; (4) whether the claimant can perform [his] past work; and (5) whether the claimant is capable of performing work in the national economy.

*Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000) (citations omitted) (alterations in original). "If a claimant satisfies steps one, two, and three, [he] will automatically be found disabled. If a claimant satisfies steps one and two, but not three, then [he] must satisfy step four. Once step four is satisfied, the burden shifts to the SSA to establish that the claimant is capable of performing work in the national economy." *Knight v. Chater*, 55 F.3d 309, 313 (7th Cir. 1995).

After Step Three, but before Step Four, the ALJ must determine a claimant's RFC by evaluating "all limitations that arise from medically determinable impairments, even those that are not severe." *Villano v. Astrue*, 556 F.3d 558, 563 (7th Cir. 2009). In doing so, the ALJ "may not dismiss a line of evidence contrary to the ruling."

determine whether the claimant can perform his own past relevant work and if not, at Step Five to determine whether the claimant can perform other work. *See* 20 C.F.R. § 416.920(e), (g). The burden of proof is on the claimant for Steps One through Four; only at Step Five does the burden shift to the Commissioner. *Clifford*, 227 F.3d at 868.

If the ALJ committed no legal error and substantial evidence exists to support the ALJ's decision, the Court must affirm the denial of benefits. *Barnett*, 381 F.3d at 668. When an ALJ's decision is not supported by substantial evidence, a remand for further proceedings is typically the appropriate remedy. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 355 (7th Cir. 2005). An award of benefits "is appropriate only where all factual issues have been resolved and the record can yield but one supportable conclusion." *Id.* (citation omitted).

### III. DISCUSSION

Mr. Mack raises two arguments on appeal. First, Mr. Mack argues that the ALJ erred in making an adverse credibility determination based on his sparse medical record because he could not afford treatment. [Filing No. 17 at 5-9.] Second, Mr. Mack argues that the ALJ committed reversible error by failing to create an accurate RFC assessment that incorporated all of Mr. Mack's limitations. [Filing No. 17 at 9-13.]

**A. The ALJ's Credibility Determination**

Mr. Mack argues that the ALJ failed to properly assess Mr. Mack's subjective complaints of pain by erroneously making an adverse credibility determination. [Filing No. 17 at 5-9.] Specifically, Mr. Mack contends that the ALJ erred in concluding that Mr. Mack's sparse medical treatment undermined his credibility because he could not afford treatment. [Filing No. 17 at 6-9.] Mr. Mack cites SSR 82-59, 1982 WL 31384 (1982), which excuses a lack of medical evidence

5

for "an individual that is unable to afford prescribed treatment which he or she is willing to accept, but for which free community resources are unavailable." [Filing No. 17 at 9.]

The Commissioner's response is threefold. First, the Commissioner emphasizes the deference that this Court pays to an ALJ's credibility determination. [Filing No. 21 at 7.] Second, the Commissioner argues that SSR 82-59 is inapplicable because Mr. Mack has failed to point to any evidence that he could not afford medical treatment or find free medical treatment. [Filing No. 21 at 8.] Third, the Commissioner argues that the ALJ gave sufficient and specific reasons for his adverse credibility determination. [Filing No. 21 at 8.]

The party who "seeks to have a judgment set aside because of an erroneous ruling carries the burden of showing that prejudice resulted." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) (citations omitted). Because "the ALJ is in the best position to determine a witness's truthfulness and forthrightness[,]" the Court "will not overturn an ALJ's credibility determination unless it is patently wrong." *Shideler v. Astrue*, 688 F.3d 306, 310-11 (7th Cir. 2012) (quotations omitted) (citations omitted); *see also Prochaska v. Barnhart*, 454 F.3d 731, 738 (7th Cir. 2006) (quotations omitted) ("We afford a credibility finding considerable deference, and overturn only if [it is] patently wrong."). However, the ALJ must "consider the entire case record and give specific reasons for the weight given to the individual's statements." *Shideler*, 688 F.3d at 311 (citations omitted).

"To evaluate credibility, an ALJ must consider the entire case record and give specific reasons for the weight given to the individual's statements." *Simila v. Astrue*, 573 F.3d 503, 517 (7th Cir. 2009) (referencing SSR 96–7p). The ALJ "should look to a number of factors to determine credibility, such as the objective medical evidence, the claimant's daily activities,

allegations of pain, aggravating factors, types of treatment received and medication taken, and functional limitations." *Simila*, 573 F.3d at 517.

Mr. Mack relies heavily on SSR 82-59 to support his argument that the ALJ erred in relying on his sparse medical treatment to make an adverse credibility determination. SSR 82-59 provides that an individual's inability to pay for prescribed treatment will not be held against him, but "free community resources" must be "unavailable." The regulation further provides that "[a]ll possible resources (e.g., clinics, charitable and public assistance agencies, etc.), must be explored. Contacts with such resources and the claimant's financial circumstances must be documented." SSR 82-59. "An absence of evidence that a claimant sought low-cost or free care may warrant discrediting his excuse that he could not afford treatment." *Buchholtz v. Barnhart*, 98 F. App'x 540, 546 (7th Cir. 2004).

Mr. Mack does not cite any evidence that he sought low-cost or free care, and he does not argue that it was unavailable in his local community, such that his lack of treatment could not be held against him pursuant to SSR 82-59. The ALJ pointed out that lack of evidence in his opinion. [Filing No. 13-2 at 21-22.] Mr. Mack ignores the ALJ's detailed discussion of this issue, which provided as follows:

> The medical evidence of record is extremely sparse, which is undisputed. In fact, the claimant's representative pointed out that the claimant has only been to the doctor on one occasion and that was in July 2011. It was argued this minimal treatment was primarily due to the claimant's lack of funds. However, in that same vein, the claimant continues to spend money on cigarettes for which he smokes about one pack a day and he previously received unemployment compensation up

7

until about two to three months prior to his disability hearing.[3] Further, there are no medical records from free community clinics nor are there any emergency room visits, except for one in 2009, which is prior to the point the claimant is even alleging disability. If the claimant's pain were as severe as he alleges, the undersigned would have expected to see more treatment in the record from these types of sources. The undersigned acknowledges the claimant's limited income and does not hold such against him, but given the reasons discussed throughout this decision, the undersigned does not find the lack of resources argument overcomes the other evidence of record.

[Filing No. 13-2 at 21-22.]

This Court defers to the ALJ's adverse credibility determination unless it is patently wrong. Shideler, 688 F.3d at 310-11. Mr. Mack completely ignores the ALJ's rationale for considering and rejecting his alleged inability to pay for treatment in the adverse credibility determination.[4] Moreover, in addition to that ground, the ALJ set forth additional reasons for the adverse credibility determination that Mr. Mack does not challenge, such as his collection of unemployment insurance and his decision to spend money on cigarettes instead of medical care. Accordingly, the Court concludes that the ALJ's adverse credibility determination was not patently wrong.

### B. The ALJ's RFC Determination

Mr. Mack contends that the ALJ committed reversible error by failing to incorporate all of Mr. Mack's limitations in the RFC. [Filing No. 17 at 9-13.] Mr. Mack argues that the ALJ

---

[3] Mr. Mack does not challenge the ALJ's reliance on his receipt of unemployment benefits in the adverse credibility analysis, likely because the Seventh Circuit Court of Appeals has held that a claimant's decision to apply for unemployment benefits and represent to state authorities and prospective employers that she is able to work may play a role as "one of many factors" in a credibility analysis. Schmidt v. Barnhart, 395 F.3d 737, 746 (7th Cir. 2005). To that end, Mr. Mack testified at his hearing that he actively sought work doing "anything" while he was collecting unemployment benefits. [Filing No. 13-2 at 35.]

[4] Recently, the Seventh Circuit sternly admonished counsel for misrepresenting the record, noting that doing so could result in counsel's liability pursuant to 28 U.S.C. § 1927. Malin v. Hospira, Inc., 762 F.3d 552, 564 (7th Cir. 2014). By ignoring the ALJ's detailed explanation for his adverse credibility finding, counsel mischaracterized the record by omission. The Court cautions counsel to refrain from doing so in the future.

"incorrectly determined that [Mr. Mack] is capable of performing work at the 'light' exertional level" due to his "chronic spinal pain and degenerative disc disease." [Filing No. 17 at 11-13.] In sum, he argues that the medical evidence "reveals greater limitations than those found by the ALJ in his RFC assessment." [Filing No. 17 at 13.]

In response, the Commissioner argues that substantial evidence supports the ALJ's RFC determination because the medical evidence does not introduce any limitations that exceed those found in the ALJ's RFC determination. [Filing No. 21 at 9.] The Commissioner points out that Mr. Mack only cites his own allegations in support of his arguments, which the ALJ found to not be credible. [Filing No. 21 at 9.]

To determine a claimant's RFC, the ALJ must evaluate all relevant evidence. 20 C.F.R. § 404.1545(a); *Arnett v. Astrue*, 676 F.3d 586, 591 (7th Cir. 2012) (citations omitted). Specifically, he must consider the aggregate effect of the claimant's "entire constellation of ailments," including those that in isolation are not severe. *Golembiewski v. Barnhart*, 322 F.3d 912, 918 (7th Cir. 2003); *see also* 20 C.F.R § 404.1545(e) (the ALJ "will consider the limiting effects of all [the claimant's] impairment(s), even those that are not severe, in determining [the claimant's RFC].)" This Court will uphold the ALJ's decision "if the evidence supports the decision and the ALJ explains his analysis of the evidence with enough detail and clarity to permit meaningful review." *Arnett*, 676 F.3d at 591-92 (citations omitted).

Mr. Mack argues that the ALJ incorrectly determined that Mr. Mack is capable of performing less than the full range of light work.[5] [Filing No. 17 at 11.] Specifically, Mr. Mack contends that he cannot perform light work because it "requires walking or standing for six hours a day, every day." [Filing No. 17 at 11.] As support for his allegation that he cannot do this, Mr. Mack cites his own testimony and the limitations that he reported to doctors, including that he could sit for about fifteen minutes at a time and stand for about fifteen minutes at a time. [Filing No. 17 at 11-13; Filing No. 13-2 at 42-43.] Mr. Mack ignores that the ALJ specifically included a limitation in the RFC for "requir[ing] the ability to alternate between the sitting and standing positions throughout the workday." [Filing No. 13-2 at 20-21.]

Mr. Mack does not contend that any doctor opined that he needed greater limitations than what the ALJ included in the RFC.[6] [*See* Filing No. 13-7 at 22-26 (opinion of Dr. Shuyan Wang after consultative exam); Filing No. 13-7 at 30-37 (opinion of state agency medical expert after record review).] Instead, in support of his argument he cites his own testimony and self-reports of his alleged limitations. [Filing No. 17 at 11-13.] He ignores, however, that the ALJ made an

---

[5] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567. Mr. Mack testified at the hearing that he could lift 10 pounds and carry it approximately 20 feet. [Filing No. 13-2 at 42.]

[6] Mr. Mack cites records from an emergency room visit before his alleged onset date, [Filing No. 17 at 11], but "the date that the claimant alleges as an onset date should be the starting point of the analysis." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 353 (7th Cir. 2005). Regardless, Mr. Mack only details diagnoses he received at that time, but the mere "diagnosis of an impairment does not establish the severity of the impairment." *Flint v. Astrue*, 2013 WL 30104, *5 (S.D. Ind. 2013) (citing *Estok v. Apfel*, 152 F.3d 636, 639-40 (7th Cir. 1998)); *see Stanley v. Astrue*, 2012 WL 1158630, *8 n.8 (N.D. Ind. 2012) ("[T]he diagnosis of an impairment does not alone establish its severity and its resulting limitations."). A claimant's RFC—residual *functional* capacity—accounts for functional limitations related to the claimant's impairments, not just the diagnosis of an impairment. *See* 20 C.F.R. § 404.1545 (noting that the RFC accounts for "physical and mental *limitations*" from the impairments) (emphasis added).

adverse credibility determination, which the Court has already found not to be patently wrong. For these reasons, the Court concludes that the ALJ did not commit reversible error in determining Mr. Mack's RFC.

## IV. CONCLUSION

The standard for disability claims under the Social Security Act is stringent. "Even claimants with substantial impairments are not necessarily entitled to benefits, which are paid for by taxes, including taxes paid by those who work despite serious physical or mental impairments and for whom working is difficult and painful." *Williams-Overstreet v. Astrue*, 364 Fed. App'x 271, 274 (7th Cir. 2010). Furthermore, the standard of review of the Commissioner's denial of benefits is narrow. *Id.* Taken together, the Court can find no legal basis presented by Mr. Mack to overturn the Commissioner's decision. Therefore, the decision below is **AFFIRMED**. Final judgment will be entered accordingly.

October 3, 2014

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Electronic Distribution via CM/ECF:**

Kelie C. Schneider
DALEY DISABILITY LAW
kelie.schneider@gmail.com

Meredith E. Marcus
DALEY DISABILITY LAW, PC
mmarcus@fdaleylaw.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov